## PROXIMATE CAUSE OF COLLISION BETWEEN AUTOMOBILE AND INTERURBAN CAR.

Common Pleas Court of Hamilton County.

HARRY WEINGERTER v. THE OHIO ELECTRIC RAILWAY COMPANY.

Decided, February 1, 1913.

*Negligence—Injury to Driver of Automobile in ·Collision with Interurban Car—Blowing of Warning Whistle Does Not Necessarily Relieve Railway Company from Liability—Question of Proximate Cause One for the Jury.*

In an action for damages on account of injuries, resulting from plaintiff driving an automobile onto the track of an interurban road in front of an approaching car by which he was struck, the fact that the motorman blew his whistle when one thousand feet from the crossing is not of itself sufficient to warrant the arrest of the case from the jury, but the case should be submitted to the jury to determine whether the negligence of the defendant was, in view of all the conditions and circumstances, the proximate cause of the injury.

*Joseph B. Kelley,* for plaintiff.
*Paxton, Warrington & Seasongood,* contra.

WOODMANSEE, J.

This is an action brought for the recovery of damages for an injury growing out of plaintiff driving an automobile upon the

track of the defendant company.   The plaintiff lost a foot and was otherwise seriously injured.   At the conclusion of plaintiff's evidence counsel for defendant moved that the case be arrested from the jury, which was overruled by the court.   On the submission of the entire evidence in the case, the motion was renewed and was granted.   A new trial is now sought because the case was taken from the jury.

In granting the motion the court followed strictly the decision of the circuit court of this district in the case of *The N. & W. Ry. Co.* v. *Stella Beck*, 14 C.C.(N.S.), 491.   During the pendency of this motion the Supreme Court of this state, on November 26th, 1912, in the case of *Steubenville & Wheeling Traction Co.* v. *Brandon, Admr.*, to be reported in 87 Ohio St., has handed down a most important decision, which has a vital bearing upon the issue involved in this case.

It is undoubtedly the law in this state that a person driving on the highway, before crossing a steam railway track, must look and listen for an approaching train, and he must do both if necessary.   If the hearing is interfered with, then it becomes all the more necessary to look—and if neither is effective, if a car approaching near to the crossing can not be seen because of some obstruction, or can not be heard because of defective hearing or other noises—then ordinary care would require that the traveler upon the highway should stop and investigate before crossing the track.

It would seem that the same law should govern as to crossings over interurban electric railway tracks where the speed is almost as great as on steam railroads, but if the interurban companies want the benefit of the law governing steam railway crossings, they must be charged even more strictly with the duties resting upon the former companies relative to grade crossings. The steam railroad track is necessarily almost level, while the electric track climbs and descends the hillsides through the country, with but comparatively little change in the natural grade.   This in itself often obstructs the view of an approaching car, and thereby imposes an added duty on the interurban company to give emphatic notice of an approaching car toward a highway crossing.

In the case at bar the evidence disclosed that the motorman did what he always did at the crossing in question, namely, blew the whistle one thousand feet away. Having done this the defendant company insists that it has done its full duty. The evidence also disclosed that from the point where the whistle blew the car made quite a descent, then climbed a steep grade, and passing along a cut upon the side from which the plaintiff was approaching, which partly obstructed the view of the car. The speed was ordinary—about twenty-five miles an hour.

Plaintiff testified that he looked and did not see the approaching car; that he listened and did not hear it, and that he stopped in order that he might hear a car should it be approaching nearby. Being in an automobile it may be that the noise of his engine made it impossible for him to hear the sound of a moving electric car, and the vision was partially obstructed.

While it seems almost incredible to the court (who has examined the crossing in question since the trial) that the plaintiff could not have seen the car if he had looked, yet the court is impressed with the fact that this dreadful accident would likely never have happened if the defendant had exercised ordinary care in taking even slight precaution of sounding a gong or ringing a bell at the near approach to the crossing. Ordinary care would not require such precaution at all crossings, but particularly at a crossing such as the one in question where the view is partially obstructed and the sound of a moving car may be deflected by the ascending grade.

In the case of *Schwemfurth, Admr.,* v. *Railway Co.,* 60 Ohio St., 223, the court say:

"The question whether defendant was negligent with respect to driving upon the track was one of the questions of fact for the determination of the jury upon the evidence.

"If upon the whole evidence contributory negligence such as would defeat a recovery be not shown by a preponderance of the evidence and the negligence of the defendant be so shown, the action may be maintained."

After a most thorough review of this case, and upon the examination of the recent decision of our Supreme Court referred

to herein, this court is of the opinion that the evidence in this case should be submitted to a jury to determine whether the negligence of the plaintiff or the negligence of the defendant was the proximate cause of the injury complained of.

The motion for a new trial should be granted.